IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFREY BOGGAN,

    Petitioner,

v.                                                              CASE NO. 3:15-cv-4-LC-GRJ

SECRETARY, FLA. DEPT.
OF CORRECTIONS, et al.,

    Respondents.

_____/

## REPORT & RECOMMENDATION

This case is before the Court on Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus, ECF No. 10. On July 7, 2015, the Court issued a notice to Petitioner advising him that his response to Respondents' motion to dismiss was due on or before August 6, 2015. (ECF No. 11.) Further, the Court advised Petitioner that "[t]he Court will decide the motion on the basis of the motion, Petitioner's response, and any exhibits filed by the parties," and that "[t]he Court will take the motion under advisement after the expiration of 30 days, and will thereafter issue a report recommending disposition of the motion." (*Id.*) As of the date of this Order, Petitioner has not filed a response, nor has he requested an extension of time to do so. Accordingly, upon due consideration, the undersigned recommends that the motion be granted and the petition be dismissed.[1]

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

*Case No: 3:15-cv-4-LC-GRJ*

## State-Court Proceedings

The procedural background of this case is established by the state court records appended to the Respondents' motion. (ECF No. 10.) On January 16, 2009, the State charged Petitioner with one count of leaving the scene of a crash involving death, one count of vehicular homicide, one count of DUI manslaughter, five counts of DUI damage to property or person without serious injury, and one count of driving without a valid driver's license. (ECF No. 10-1 at 27–29.) On October 12, 2009, the State *nolle prossed* Count 2, which charged Petitioner with vehicular homicide, and Petitioner entered a plea of *nolo contendere* to the remaining Counts. (*Id.* at 42–52.)  At sentencing on November 19, 2009, the circuit court sentenced Petitioner to thirteen (13) years incarceration followed by three (3) years probation for Count 1, thirteen (13) years incarceration followed by two (2) years probation for Count 3, eleven (11) months and fifteen (15) days incarceration with credit for 325 days for Counts 4–8, and sixty (60) days time served for Count 9. (*Id.* at 54–101.) The district court ordered sentences on all counts to be served concurrently. Written judgment, sentence, and order of probation were subsequently rendered on November 19, 2009. (*Id.* at 103–19.)

On December 8, 2009, Petitioner initiated an appeal of his final judgment and sentence to the First District Court of Appeal ("First DCA"). (*Id.* at 121–24.) However, Petitioner subsequently filed a Notice of Voluntary Dismissal. (*Id.*) Thus, on May 25, 2010, the First DCA dismissed Petitioner's direct appeal*. (Id.)*

On April 27, 2012, Petitioner filed a *pro se* motion for post-conviction relief in the circuit court pursuant to Fla. R. Crim. P. 3.850. (*Id.* at 126–40.) The circuit court struck

Petitioner's motion for facial insufficiency but granted leave to file an amended motion within thirty days. (*Id.* at 142–44.) Accordingly, Petitioner filed an amended *pro se* motion for post-conviction relief on June 15, 2012. (*Id.* at 146–61.) The circuit court again struck Petitioner's amended motion for facial insufficiency but also again granted leave to file an amended motion within thirty days. (*Id.* at 163–64.) Thus, on October 8, 2012, Petitioner filed a second amended *pro se* motion for post-conviction relief. (*Id.* at 166–82.) On May 8, 2012, the circuit court summarily denied Petitioner's motion for post-conviction relief without an evidentiary hearing. (*Id.* at 184–219.) Petitioner did not appeal the circuit court's denial and instead filed the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 24, 2014. (ECF No. 1.)

## One-Year Limitation Period

Petitions filed after April 24, 1996, are governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA created a limitations period for petitions for writ of habeas corpus brought pursuant to § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the AEDPA tolls the 1-year limitation period for the time during which a properly filed application for State post-conviction or other collateral review is pending. § 2244(d)(2).

## Discussion

As an initial matter, because Petitioner filed his petition after April 24, 1996, his petition is governed by § 2254 pursuant to the AEDPA. Thus, § 2244(d)(1) governs the limitations period in which Petitioner had to file his petition. Petitioner's petition for writ of habeas corpus was not filed within the one-year statute of limitations and is therefore, untimely. Petitioner was required to file his petition by August 23, 2011 pursuant to § 2244(d)(1)(A), but did not do so until December 24, 2014.

To determine whether the petition was filed timely within one year of the conviction becoming final, the court must determine (1) when the prisoner filed the federal collateral petition, and (2) when the prisoner's judgment of conviction became final. *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999). Under the mailbox rule, a *pro se* prisoner's collateral petition is filed on the date it is delivered to prison authorities for mailing. *Id.* at 1341. A judgment of conviction becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted. *Atkins v. United States,* 204 F.3d 1086, 1089 n.1 (11th Cir. 2006). A petitioner has a 90-day period in which to file a *certiorari* petition with the Supreme Court of the United States before a judgment of conviction is deemed to have become final. *Nix v. Sec'y for*

the Dep't of Corrs., 393 F.3d 1235, 1237 (11th Cir. 2004). However, a state prisoner must seek review from the state's highest court before he will receive the benefit of the 90-day period in which he may seek *certiorari* review in the Supreme Court. *Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006). The Eleventh Circuit has not addressed the issue as to the date that a conviction becomes final when a direct appeal is voluntarily dismissed. *See, e.g., United States v. Reed*, Nos. 3:08cr20/MCR, 3:09cv576/MCR/EMT, 2011 WL 2038627, at *3 (N.D. Fla. Apr. 4, 2011). However, "[t]his district court has previously concluded that a state conviction becomes final, for AEDPA purposes, ninety (90) days after the state appellate court grants a motion for voluntary dismissal of the appeal." *Id.*

In this case, Petitioner provided his petition to Apalachee Correctional Institution for mailing on December 24, 2014. (ECF No. 1 at 1.) Thus, as to the first prong under *Adams*, 173 F.3d at 1340–41, Petitioner is deemed to have officially filed his petition in this Court on December 24, 2014.

As to the second prong under *Adams*, 173 F.3d at 1340–41, Petitioner's conviction became final on August 23, 2010. The record does not indicate that Petitioner sought review from the Florida Supreme Court. Thus, Petitioner was not entitled to seek relief from the Supreme Court of the United States. Consequently, the Court must look to Petitioner's direct appeal to the First DCA to determine the date that Petitioner's conviction became final. Because the First DCA granted Petitioner's motion for voluntary dismissal of his appeal on May 25, 2010, ECF No. 10-1 at 121–24, Petitioner's state conviction became final for AEDPA purposes on August 23, 2010,

ninety days after the First DCA voluntarily dismissed his appeal. *See Reed*, Nos. 3:08cr20/MCR, 3:09cv576/MCR/EMT, 2011 WL 2038627, at *

Pursuant to § 2241(d)(1)(A), Petitioner's time to file his habeas petition expired on August 23, 2011, one year from August 23, 2010. Additionally, considering there is no indication that Petitioner filed any other post-conviction or collateral relief, Petitioner's time under the one-year AEDPA statute of limitations ran unabated pursuant to § 2244(d)(2), until it expired on August 23, 2011. Considering Petitioner did not file the instant petition until December 24, 2014, his petition is untimely.

Petitioner asserts that his petition is timely pursuant to the statutory trigger in § 2244(d)(1)(C), triggering the one-year limitation period to run from "the date [on] which the constitutional right . . . asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable [to] cases on collateral review." (ECF No. 1 at 13.) Petitioner argues that his petition is timely under this provision, "[a]s Florida's own Supreme Court only recently resolved the conflict in the application by the United States - Supreme Court in the new rule announcement in Blakely (2013)." (*Id.* at 13–14.)

The Florida Supreme Court case to which Petitioner refers is *State v. Johnson*, 122 So. 3d 856 (Fla. 2013), in which the court resolved a district court conflict regarding *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely*, the Supreme Court held,

> the "statutory maximum" for *Apprendi[2]* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in*

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

> *the jury verdict or admitted by the defendant.* . . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

542 U.S. at 303–04 (emphasis in original). In *Johnson*, the Florida Supreme Court resolved the district courts' conflict as to whether the new definition of the term "statutory maximum" announced in *Blakely* applies retroactively to cases on collateral review, holding that "*Blakely* does not apply retroactively to final sentences or resentences." 122 So. 3d at 857.

Although difficult to discern, Petitioner appears to argue that the 2013 *Johnson* decision triggered his one-year period under §2244(d)(1)(C). Petitioner's timeliness argument misses the mark because the constitutional right Petitioner asserts relief upon was announced in *Blakely*, not *Johnson*.[3] Although *Johnson* clarified *Blakely*, *Johnson* clarified "whether the definition of the term 'statutory maximum' announced in *Blakely* . . . applies to final criminal sentences imposed before the decision in *Blakely* issued." 122 So. 3d at 857. The Supreme Court issued its *Blakely* decision in 2004. Thus, *Johnson* merely clarifies that *Blakely* does not apply to final sentences or resentences prior to 2004. *Id.* Considering Petitioner's sentence became final on August 23, 2010 as previously discussed, *Blakely* already was applicable because it had been issued in 2004. Consequently, Petitioner's one-year period in which to file his petition based upon his argument that the sentencing judge abused his discretion by exceeding the

---

[3] Petitioner's habeas petition asserts that the trial court sentencing judge abused his discretion by increasing the number of victim injury points on his CPC scoresheet, thereby exceeding the standard sentencing range. (ECF No. 1 at 18–20.)

*Case No: 3:15-cv-4-LC-GRJ*

standard sentencing range expired on August 23, 2011.

Moreover, even if Petitioner's petition were timely, the sentencing judge did not abuse his discretion under *Blakely*. Petitioner contends that the judicial assessment of 120 victim injury points on his CPC scoresheet for causing "death" violates *Blakely* because it exceeded the applicable 74 primary offense points. (ECF No. 1 at 18, 20.) However, pursuant to a plea agreement, Petitioner pled *nolo contendere* to one count of leaving the scene of an accident involving death and one count of DUI manslaughter, both of which include the element of "death." *See* ECF No. 10-1 at 36–52; §§ 316.027(1)(b), 316.193(3)3.a., Fla. Stat. (2008).

Further, per Petitioner's plea agreement, Petitioner agreed to the contents of the arrest/offense report as providing a factual basis for his plea. (ECF No. 10-1 at 36–40.) While *Blakely* held that the "statutory maximum" a sentencing judge may impose is the maximum he may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant, the sentencing judge in Petitioner's case did not violate *Blakely* because the 120 victim injury points he assessed reflected the fact of "death," which Petitioner admitted as part of his plea agreement. Therefore, even if Petitioner's petition were timely, his argument has no merit and would not warrant habeas relief.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be

filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus, ECF No. 10, should be **GRANTED** and the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody, ECF No. 1, should be **DISMISSED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 7th day of October, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.